# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD DEWAYNE WILSON, APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Richard Dewayne Wilson appeals from his conviction for assault family violence. In one issue, he challenges the sufficiency of the evidence to support his conviction. We affirm.

### BACKGROUND

On August 24, 2020, L.D. returned late from running errands to the residence she shared with Appellant, then her dating partner. Appellant accused L.D. of cheating on him and followed her into their master bathroom, where he struck her on the right side of her face with his hand and threw her to the floor, at which point L.D. briefly lost consciousness. In the struggle, L.D. struck her ankle on a metal chair. L.D.'s daughter, A.J., heard noise coming from the bathroom and went to investigate. Appellant exited the bathroom and told A.J. that L.D. was fine, but as L.D. returned to consciousness, she heard A.J. pounding on the bathroom door and shouted for A.J. to call 911. Appellant prevented A.J. from entering the bathroom, then closed and locked the bathroom door. Appellant straddled L.D., pinned down her arms, and placed his fingers on L.D.'s neck and face such that she could not breathe. After Appellant stopped, L.D. told Appellant to collect his belongings and leave.

Following A.J.'s 911 call, law enforcement and emergency medical services subsequently arrived at the scene. Although L.D. refused to go to the hospital, EMS gave her an ice pack for a swollen eye and wrapped her injured ankle. Both Deputy Brian Hutchins and

Lieutenant Clayton Taylor of the Smith County Sheriff's Department noted that L.D.'s injuries were consistent with her statement that Appellant struck her face. L.D. indicated that she did not want to press charges, but law enforcement nonetheless arrested Appellant, and he was later indicted for the offense of assault family violence.[1] Specifically, the indictment alleged that Appellant intentionally, knowingly, and recklessly caused bodily injury to L.D., a person with whom he had a dating relationship, by hitting and striking her in the face causing physical pain. The indictment alleged further that Appellant had previously been convicted of assault against a person with whom he had a dating relationship. Appellant pleaded "not guilty" to assaulting L.D., but "guilty" to the previous conviction, and this matter proceeded to a jury trial.

At trial, defense counsel questioned L.D. about her criminal history. L.D. testified that she pleaded "guilty" to theft of a firearm in 1998, although she had not committed the offense. She further admitted to previous criminal convictions for theft by check, misdemeanor theft, and felony theft ranging from 1999 to 2015, and a pending charge for burglary of a building. In his closing argument, defense counsel argued that L.D. was not a credible witness due to her criminal history and her flawed recollection of the alleged assault.

The jury found Appellant "guilty" of the offense as charged and assessed punishment of life imprisonment.[2]

## LEGAL SUFFICIENCY OF EVIDENCE

In his sole issue, Appellant argues that the evidence is legally insufficient to support his conviction.

### Standard of Review

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L.Ed.2d 560 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a

---

[1] *See* TEX. PENAL CODE ANN. § 22.01 (West 2021).

[2] The indictment's enhancement paragraphs alleged that Appellant was previously finally convicted of the felony offense of attempted murder, and subsequent to that conviction, was finally convicted of the felony offense of aggravated assault with a deadly weapon. Because Appellant pleaded "true" to these allegations, the jury could assess a punishment of either life imprisonment, or imprisonment for a term of no less than 25 years and no more than 99 years. *Id.* § 12.42 (West 2021).

criminal offense that the state is required to prove beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In reviewing the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. ***Whatley v. State***, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); ***Brooks***, 323 S.W.3d at 898–99 (Tex. Crim. App. 2010). Juries are permitted to draw multiple reasonable inferences from direct or circumstantial evidence. ***Anderson v. State***, 416 S.W.3d 884, 891 (Tex. Crim. App. 2013). When the record supports conflicting inferences, a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. ***Id.*** A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances; the duty of a reviewing court is to ensure that the evidence presented supports a conclusion that the defendant committed the crime charged. *See* ***Hernandez v. State***, 190 S.W.3d 856, 864 (Tex. App.–Corpus Christi 2006, no pet.); ***Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense(s) as defined by a hypothetically correct jury charge. *See* ***Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id.***

## Applicable Law

In Texas, it is generally a Class A misdemeanor when a person "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01 (a)(1)(b) (West 2021). However, it is a felony of the third degree if the actor (1) commits the offense against a person whose relationship to or association with the defendant is described by Texas Family Code Section 71.0021(b) (dating relationship), Section 71.003 (family member), or Section 71.005 (member of the same household), and (2) has a previous conviction for assault wherein the victim of that assault was a family member, a member of the actor's household, or a person in a dating relationship with the actor. ***Id.*** § 22.01(b)(2)(A), (B);

*see also* TEX. FAMILY CODE ANN. §§ 71.0021(b) (West 2021); 71.003 (West 2021); 71.005 (West 2021).

A person acts intentionally when it is his conscious objective or desire to engage in the conduct or cause the result; a person acts knowingly when he is aware of the nature of his conduct or that the circumstances exist; and a person acts recklessly "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX. PENAL CODE ANN. § 6.03(a), (b), (c) (West 2021). The jury may infer intent from circumstantial evidence, such as the defendant's acts, words, and conduct. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).

A finding of causation is appropriate when a result would not have occurred but for the defendant's conduct, operating either alone or concurrently with another cause. TEX. PENAL CODE ANN. § 6.04(a) (West 2021). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West 2021). Any physical pain, no matter how minor, is sufficient to establish bodily injury, and a fact finder may infer that a victim actually suffered physical pain even without witness testimony to that effect. *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).

## Analysis

Appellant's brief states that the evidence is insufficient to establish that the assault of L.D. ever occurred. He appears to argue that L.D. was so uncredible as a witness that the jury should not have believed her testimony, and no rational trier of fact could have found each element of the crime beyond a reasonable doubt without believing her testimony.

Nevertheless, as a reviewing court, we must afford almost complete deference to a jury's decision when that decision is based upon an evaluation of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). "The jury is in the best position to judge the credibility of a witness because it is present to hear the testimony, as opposed to an appellate court who relies on the cold record." *Id.* The jury is entitled to judge the credibility of the witnesses and can believe all, some, or none of the testimony presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Addressing the *mens rea* requirement, L.D. testified that Appellant initiated the physical altercation in the bathroom because he believed L.D. was cheating on him. Deputy Hutchins testified that Appellant admitted the domestic disturbance began because he believed L.D. was

cheating on him, although Appellant denied physically assaulting L.D. Despite Appellant's argument to the contrary, it was the sole province of the jury to decide whether L.D. was a credible witness and the weight it would give her testimony, and we may not re-weigh the evidence or substitute our opinion for the jury's. *Lancon*, 253 S.W.3d at 705. From the verdict, we assume that the jury found L.D. at least somewhat credible despite her criminal history and chose to believe at least part of her testimony. Based on the record evidence, the jury could reasonably have inferred that Appellant was, at a minimum, aware of the nature of his conduct, and acted intentionally, knowingly, or recklessly in physically assaulting L.D.

As to causation of bodily injury, L.D. testified that Appellant struck her in the face and threw her to the ground, causing her to strike her ankle on a metal chair as she fell. She stated that these events caused her pain. A.J. testified that she observed L.D. crying and saw that one side of L.D.'s face was swollen the next morning. The State introduced photos Hutchins took of L.D.'s face at the scene, showing that her right eye was beginning to swell shut. The State also introduced EMS records from August 24, indicating that L.D. had swelling in the area of her head and acute pain due to trauma, and that EMS personnel wrapped her ankle and instructed her to ice the swollen area around her eye. Further, both Hutchins and Taylor testified that L.D.'s physical injuries were consistent with her statement that Appellant struck her face. Based on this evidence, the jury could reasonably have inferred that Appellant caused bodily injury to L.D.

The jury could likewise reasonably conclude that Appellant and L.D. had a dating relationship. Texas Family Code Section 71.0021(b) defines a dating relationship as "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature." TEX. FAMILY CODE ANN. §§ 71.0021(b). The existence of such a relationship is determined by considering (1) the length of the relationship; (2) the nature of the relationship; and (3) the frequency and type of interaction between the individuals involved in the relationship. *Id.* A.J. testified that Appellant was already L.D.'s boyfriend and the two were living together at the time she moved in with them in July 2018, and L.D. similarly testified that she had been dating Appellant for over four years at the time of this incident. Moreover, Appellant's contention that L.D. was unfaithful to him supports an inference that the two were in a committed relationship.

As to Appellant's prior conviction, generally, a defendant's plea of "true" to an enhancement allegation satisfies the State's burden of proving that allegation. *Wood v. State*, 486

5

S.W.3d 583, 587–88 (Tex. Crim. App. 2016). In this case, Appellant pleaded "guilty" on the record to the State's allegation that he was previously convicted of an assaultive offense against a person with whom he had a dating relationship.

Accordingly, viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could find, beyond a reasonable doubt, that Appellant intentionally, knowingly, or recklessly caused bodily injury to L.D., with whom he had a dating relationship. We further conclude that sufficient evidence supports the jury's verdict of "guilty" on the charge of assault family violence in this case. *See* TEX. PENAL CODE ANN. § 22.01; *see also* **Jackson**, 443 U.S. at 319, 99 S. Ct. 2781 at 2789. We overrule Appellant's sole issue.

<u>DISPOSITION</u>

Having overruled appellant's sole issue, we ***affirm*** the trial court's judgment.

<u>GREG NEELEY</u>
Justice

Opinion delivered May 10, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-22-00241-CR**

**RICHARD DEWAYNE WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1767-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*